Brandon N. Cotto, State Bar #019721
**BRANDON N. COTTO, P.C.**
2601 North 16th Street
Phoenix, Arizona 85006-1404
(480) 620-7324
*Attorney for the Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Martin Eulalio Molina Lopez,<br><br>Defendant. | ) | Case No. CR24-00482-001-PHX-SHD<br><br>**OBJECTION TO *DRAFT* PRESENTENCE INVESTIGATION REPORT** |

The defendant, Martin Eulalio Molina Lopez, by and through undersigned counsel, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, hereby objects to the draft *Presentence Investigation Report* ("PIR")[1].

**<u>OBJECTIONS REGARDING THE OFFENSE LEVEL COMPUTATION.</u>**

***I. <u>The Law.</u>***

First and foremost, it is critical to concede that the defendant has plead guilt to Count 2 of the *Indictment*: *Possession of a Firearm by an Alien Unlawfully Present in the United States. See* <u>Documents #12, 37 & 38</u>. The government, as

[1] Rule 32(f)(1) of the Federal Rules of Criminal Procedure states, "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."

part of the plea agreement subject to the court's acceptance, has agreed pursuant to Fed. R. Crim. P. 11(c)(1)(A) to (a.) dismiss Count 1 of the *Indictment* and (b.) not prosecute the defendant for "any offenses committed by the defendant, and known by the United States, in connection with the defendant's firearm trafficking activities from January 1, 2024, to February 24, 2024." Document #38. Count 2, which is to be dismissed at sentencing, accuses Mr. Molina Lopez of *Trafficking in Firearms*.

Chapter One, Part B, §1B1.1(a)(1) of the *United States Sentencing Guidelines* ("USSG") provides that the court must determine "pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the ***offense of conviction***." (*Emphasis Added*). As stated *supra*, the defendant has plead guilty to Count 2 of the Indictment: *Possession of a Firearm by an Alien Unlawfully Present in the United States*.[2] USSG §1B1.2 (Applicable Guidelines), provides that the court should, "[a]fter determining the appropriate offense guideline section pursuant to subsection (a) of this section, determine the applicable guideline range in accordance with §1B1.3 (Relevant Conduct)." USSG §1B1.3(a)(1) (Relevant Conduct) provides that *Specific Offense Characteristics* - such as those found at §2K2.1(b) – "shall be determined on the basis of the following:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—

[2] The defendant agrees that §2K2.1 is the appropriate offense guideline section for this offense.

(i) within the scope of the jointly undertaken criminal activity,

(ii) in furtherance of that criminal activity, and

(iii) reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

## ***II. The Objections (Issues).***

a. Specific Offense Characteristics

The PIR in paragraph thirty-eight (38) includes a six-level increase to the defendant's *Base Offense Level* because the United States Probation Officer asserts the "the defendant [should be held] accountable for 38 firearms." Documents #47. As the PIR notes at paragraph twenty-one (21), on the date of the offense of conviction, February 24, 2024, the defendant was in possession of firearm "parts [that] were adequate to assemble 15 complete AR-15 pistols." The probation officer is calculating the number of firearms under §2K2.1(b)(1) using events that occurred prior to the date of offense of conviction,[3] that the government and defendant stipulated he would not be prosecuted for (and thus punished for), and that are not relevant acts and omissions committed in relation to *Possession of a Firearm by an Alien Unlawfully Present in the United States*. The defendant objects to the six-level increase.

Chapter Five, Part K, §5K2.21 (Dismissed and Uncharged Conduct) provides the court with the authority to "depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as

[3] *See* Paragraph 30 of the PIR.

part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range." However, the parties have also stipulated, subject to the court's acceptance, that the "sentencing cap will not change based on departures considered under U.S.S.G. §1.B1.1(b).[4]"

b. Adjustment for Role in the Offense.

The PIR in paragraph forty (40) includes a four-level increase to the *Base Offense Level* alleging, "The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; specifically, he recruited Saina Ramirez, Aguilar-Guillen, Espinoza Duarte and other unindicted co-conspirators whom he paid to purchase firearms on his behalf. He then sold the firearms to three individuals. Therefore, four levels are added. USSG §3B1.1(a)." Again, the United States Probation Officer is increasing the defendant's *Base Offense Level* using events that occurred prior to the date of offense of conviction, that the government and defendant stipulated he would not be prosecuted for, and that are not relevant to the instant offense. The defendant objects to the any role enhancement.

Like the §2K2.1(b) increase, the government bears the burden of proving this aggravating sentencing fact. *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) ("The government has conceded that the district court erred in placing the burden of proof on the defendant to disprove the factual basis for the

[4] U.S.S.G. §1.B1.1(b) provides, "The court shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence."

base level offense and sentence enhancements sought by the government."). For the §3B1.1 role adjustment to apply, the government must prove that (1) the defendant was an "organizer" or "leader" of a criminal activity and (2) that the criminal activity "involved five or more participants or was otherwise extensive." It is unclear from paragraph forty whether the government (through the United States Probation Office) asserts there were "five or more participants" or the criminal activity was otherwise extensive. The PIR also fails to clarify whether the enhancement is applicable under an "organizer" or "leader" theory; or for that matter, why he should not be considered a "manager" or "supervisor."

§3B1.1 fails to provide substantive and direct guidance regarding what an "organizer" or "leader" is under the guideline. *Application Note* 4, §3B1.1, only provides the court with factors to consider when determining "a leadership and organizational role from one of mere management or supervision." It does not define any relevant term. *Application Note* 4 reads, "Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." While the defendant obtained the assistance of others to purchase the firearm parts that he ultimately possessed on February 24, 2024, while being "an alien who had been admitted to the United States under a nonimmigrant visa," this crime was not some jointly undertaken criminal activity that was part of a criminal enterprise. This was not some criminal scheme that required extensive planning.

## ***III. Argument.***

The defendant's sentence should be commensurate to the crime for which he has plead guilty. This sentencing principle is fundamental to ensuring justice, fairness, and due process of law. USSG §1B1.3(a)(1) (Relevant Conduct) instructs the court to consider "***all acts and omissions*** committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," not to punish a defendant for ***all crimes*** mentioned in the PIR. When the sentencing guidelines can be used to circumvent the rule of law, to allow punishment for crimes that have not been charged or proven, it undermines the credibility of the legal system.

RESPECTFULLY SUBMITTED Sunday, April 27, 2025.

BRANDON N. COTTO, P.C.

By: s / Brandon N. Cotto
Brandon N. Cotto

# *Certificate of Service*

I hereby certify that on April 27, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

THE HON. SHARAD H. DESAI
*Judge of the U.S. District Court*

MARCUS W. SHAND
*Assistant U.S. Attorney*

GEORGE F. KLINK
*Attorney for the Co-Defendant*

By: s/ Brandon N. Cotto
Brandon N. Cotto