Brandon N. Cotto, State Bar #019721
**BRANDON N. COTTO, P.C.**
2601 North 16th Street
Phoenix, Arizona 85006-1404
(480) 620-7324
*Attorney for the Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) Case No. CR24-00482-001-PHX-SHD |
| | ) |
| Plaintiff, | ) ***SECOND* OBJECTION TO** |
| | ) **PRESENTENCE INVESTIGATION** |
| vs. | ) **REPORT** |
| | ) |
| Martin Eulalio Molina Lopez, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The defendant, Martin Eulalio Molina Lopez, by and through undersigned counsel, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, hereby submits his second objection to the *Presentence Investigation Report* ("PIR").

### *OBJECTION REGARDING THE BASE OFFENSE LEVEL CALCULATION.*

The PIR in paragraph thirty-seven (37) calculates the defendant's *Base Offense Level* at twenty (20) because the United States Probation Officer asserts that "the instant offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant was a prohibited person at the time he committed the instant offense…. USSG §2K2.1(a)(4)(B)." Documents #47. The defendant objects on the grounds that the firearm parts

were not "capable of accepting a large capacity magazine" at the time of the offense in accordance with the *Application Notes* of USSG §2K2.1.

USSG §2K2.1, *Application Note 2,* provides in pertinent part:

> For purposes of subsections (a)(1), (a)(3), and (a)(4), a "semiautomatic firearm that is capable of accepting a large capacity magazine" means a semiautomatic firearm that has the ability to fire many rounds without reloading **because at the time of the offense** (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) **a magazine or similar device that could accept more than 15 rounds of ammunition <u>was in close proximity to the firearm</u>**.

(emphasis added). The facts as set forth in the PIR establish that the "firearms" were not assembled at the time of the offense (they were parts in their respective sealed boxes) and therefore could not have had the large capacity magazine attached to them. *See* <u>Documents #47, ¶ 21</u>. The 16 30-round AR magazines in question were some of several items recovered by ATF pursuant to their search warrant on February 25, 2024. (*See <u>Attachment A</u>*: ATF E-Form 3400.23, *Receipt for Property and Other Items*). Therefore, the probation officer's theory must be that the magazines were "in close proximity to" the firearm parts.

The term "in close proximity to" is not defined in the USSG. The inclusion of the enhancement of such a magazine that is "in close proximity to" (like the same as if they were "attached") to the requisite firearm is based on a functional relationship between the firearm, the magazine and the potential harm that may be inflicted. Thus, the firearm's *potential* "to fire many rounds without reloading" is a critical factor to consider when deciding whether to apply USSG §2K2.1(a)(4)(B) enhancement. Careful consideration of the facts and circumstances warrants a finding by the court that enhancement is not

applicable in this case.

The firearm parts were all seized on February 25, 2024, upon the execution of a search warrant on the 2021 Chevrolet Silverado that was being driven by Molina Lopez the day prior. *See* Documents #47, ¶ 21.  The immediate events before the defendant's arrest on February 24, 2024, are summarized in the report prepared by ATF agent Anthony Gremaud (*See Attachment B*: ATF Form EF 3120.2, *Report of Investigation, Report No. 5*).  At approximately 5:39PM,[1] ATF agents conducted a traffic stop on Silverado truck being driven by Mr. Molina Lopez in the area of 4600 East Washington Street.  The defendant was arrested and transported to Phoenix Police Headquarters for questioning.  While the ATF E-Form 3400.23, *Receipt for Property and Other Items*, does not indicate exactly where all the gun parts were located within the truck when they were recovered, surveillance photographs attached to ATF agent Justin Webster's report depict the gun parts, still in their boxes, being placed in the extended cab section of the truck. (*See Attachment C*: ATF Form EF 3120.2, *Report of Investigation, Report No. 6*).  Paragraph ten of his report also reads, "S1 and S2 loaded the tan and green boxes into the backseat of the Silverado."

The final, and arguably most crucial, fact is that there were no "basic tools" in the truck - at the time of the offense or otherwise - with which the defendant could have assembled the firearms if he had desired to do so.  As the PIR points out, "....agents noted ***it was possible*** to assemble AR-15 rifles ***with basic tools***." *See* Documents #47, ¶ 21. (*emphasis added*); *Also See Attachment D:  ATF Form EF 3120.2, Report of Investigation, Report No. 7*. ("Assembling AR15 pistols or rifles

---

[1] *Criminal Complaint*, Document No. 1, Paragraph 29.

from the parts found in the truck **is possible with basic hand tools** and the wrench purchased at the gun show.") (*emphasis added*).  The discovery is devoid of any mention of the recovery of these "basic tools" needed to assemble the firearms.  The ATF E-Form 3400.23, *Receipt for Property and Other Items* (*Attachment A*), which lists all the critical evidence recovered from the truck fails to mention the recovery of these basic tools, only the *Castle Nut (Armorer's) Wrench*.

WHEREFORE, given the fact that all the gun parts were in sealed boxes in the backseat of the truck; that the defendant was driving his truck from 5:10 PM until he was pulled over at 5:40 PM and was thus unable to assemble any firearm; that ATF agents observed and followed him from the moment he obtained all the boxes containing the gun parts and left the fairgrounds until his arrest; and the fact that there were no basic tools available for him to assemble the firearms, the defendant objects to the *Base Offense Level* calculation in the PIR.  The facts of the case simply do not establish the functional relationship between the gun parts, magazine, and potential harm.  The potential harm or concern sought to be addressed by  the §2K2.1(a)(4)(B) enhancement is absent under these circumstances.

RESPECTFULLY SUBMITTED Monday, May 12, 2025.

BRANDON N. COTTO, P.C.


By:    <u>s /  Brandon N. Cotto      </u>
          Brandon N. Cotto

# *Certificate of Service*

I hereby certify that on May 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

THE HON. SHARAD H. DESAI
*Judge of the U.S. District Court*

MARCUS W. SHAND
*Assistant U.S. Attorney*

GEORGE F. KLINK
*Attorney for the Co-Defendant*


By:      s/ Brandon N. Cotto
         Brandon N. Cotto